UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   **AMENDED**
                                                                       **COMPLAINT**
IMRAN ALI,
                                                                       **JURY TRIAL**
                                                                       **DEMANDED**

                               Plaintiff,-against-

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT,
POLICE OFFICER WILLIAM CONNICK
and SERGEANT DONALD KIPP,

                               Defendants.
-------------------------------------------------------------------X

        Plaintiff, by his attorneys **SHAFRAN & MOSLEY, P.C.** and **STEPHEN C. JACKSON, ESQ.**, of 44 Church Street, White Plains, New York 10601 pursuant to Rule 15 and the February 1st, 2012 Order of the Chief United States Magistrate Steven M. Gold, as for his Amended Complaint against the defendants, respectfully sets forth as follows:

## JURISDICTION

        1.     This action is brought pursuant to 42 U.S.C. §§1983, 1985 and 1988 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1341 (3) and (4), and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendant jurisdiction of this court to hear and decide claims arising under New York State Law.

## PARTIES

2. Plaintiff is at all times hereinafter relevant, a resident of Queens County and the State of New York.

3. That defendant, THE CITY OF NEW YORK, (hereinafter "THE CITY"), and THE NEW YORK CITY POLICE DEPARTMENT (hereinafter "THE POLICE") are municipal corporations, duly organized and existing under and by virtue of the laws of the State of New York, having its principal place of business in the county and City of New York and that the NEW YORK CITY POLICE DEPARTMENT is an agency and or branch of the defendant CITY and that CITY is responsible, as a matter of law, for the ownership, operation, management and control of THE POLICE and all of its officers, agents licensees and employees and all acts thereof.

4. That at the time of the occurrences complained of herein, and at all times relevant hereto, defendants, POLICE OFFICER WILLIAM CONNICK and SERGEANT DONALD KIPP were and are employees of defendant THE CITY.

5. That at the time of the occurrences complained of herein, and at all times relevant hereto, said police officers were acting pursuant to the direction of defendants, THE CITY, and in furtherance of the scope of their employment and acting under color of law; and defendants were acting in furtherance of the scope of their employment and acting under color of law, to wit under of statues, ordinances, regulations, policies, customs and usages of the City, and the Police.

## INTRODUCTION

6.  This action is commenced by the plaintiff for pecuniary damages against defendants for committing acts under color of law and depriving the plaintiff of his rights secured by the Constitution and laws of the United States and the State of New York and pendant State law claims.

7.  Plaintiff alleges that defendant police officers were negligent in maintaining plaintiff and the manner in which they took him into custody and further that defendants committed following wrongful actions against plaintiff including that they committed assault, grossly assaulted, physically detained, plaintiff and subjected him to excessive physical force, gross excessive force, prima facie tort, falsification of police documents, false issuance of a police document, all in violation of plaintiff's civil rights and rights under 42 U.S.C. sections 1983 and 1985 and the common law and State and City law code, rules and or regulations.

8.  Plaintiff alleges that defendants the City and the Police were negligent in training, hiring and supervising defendant police officers, thus leading to the negligent and improper acts complained of herein and the assault, excessive force, gross excessive force, physical detention of the plaintiff and further, said occurrence was occasioned by the carelessness, recklessness and negligence of the respondents and their agents, servants, licensees and/or employees, governing the ownership, operation, maintenance, management and control of the defendant police department, and in assaulting plaintiff and that while he was handcuffed and helpless, thrusting or launching his head into a cement wall in a holding cell, and in being careless, reckless and negligence in such

conduct, inclusive of all supervisors in the chain of command and upon information and belief all investigating personnel, in failing to follow procedures as outlined in the NYPD patrol guide and other Police Department rules, regulations, protocols and guidelines as well as the law.

9. Prior to the filing of this complaint, plaintiff, duly filed Notices of Claim on the defendant THE CITY in compliance with the New York State Municipal Law § 50 et. seq.

10. More than thirty (30) days have elapsed and defendants have failed and refused to pay or adjust the claim and that plaintiff has complied with all conditions precedent or that such conditions precedent that may be outstanding have been waived or reserved by City pursuant to Stipulation.

## FACTUAL ALLEGATIONS

11. That on or about July 17th, 2009, at approximately 5:00 A.M.. Plaintiff, IMRAN ALI was situated within a holding cell at the 103rd Precinct, in Jamaica, Queens after being arrested, stopped and detained.

12. That at the aforesaid time and place, after plaintiff was arrested and detained, and after being handcuffed, plaintiff was approached by police officers, including those identified in the caption hereof, forcefully knocked down to the ground, and held by several police officers and in the process of purportedly taking plaintiff into custody plaintiff was physically grabbed and thrown or launched into a cement or similar type wall within said holding cell and was attacked and brutalized by defendant NEW YORK CITY POLICE DEPARTMENT POLICE OFFICERS and said assault did

violation the Penal Code and state and federal constitutional rights, prima facie tort and abuse of authority by defendant police officers assigned, upon information and belief, to the 103rd precinct.

13. That at the aforesaid time and place plaintiff was beaten, knocked down, and assaulted, surrounded, attacked and detained on the ground by defendant William Connick and Donald Kipp and possibly several police officers, officers of the defendant NEW YORK CITY POLICE DEPARTMENT, and propelled head first into a holding cell wall, kicked and beaten, and that during the beating, with officers surrounding him, and that the other police officers did participate in the assault by holding plaintiff down.

14. That defendant police officers William Connick and Donald Kipp then conspired to conceal and hide their crime by falsely claiming resisting arrest and additionally, falsely claiming that plaintiff was injured in a prior auto collision, where, f true, said officers violated their Patrol Guide by failing to call for an ambulance or medical assistance, and that, in fact, no such injury occurred at the scene of plaintiff's arrest, and he was arrested, detained and immobilized or handcuffed, and in issuing charges based upon a claim that plaintiff either resisted arrest and/or was injured at the scene of the event, in an effort by the defendants to conceal their crime. Said documents, authored by defendant William Connick and Donald Kipp , (but with full knowledge and consent of other officers on the scene including all of the officers identified in the caption), was false and defective on its face because it contained erroneous information as to the events that occurred so as to be part of the cover up by the defendants that was already underway.

15. That plaintiff complained to defendant officers at the scene that he had been assaulted by them and that he had sustained injuries causing substantial pain and bleeding. Moreover, plaintiff requested medical assistance. That the defendant police officers ignored plaintiff's pleas for help. Defendants did wrongfully deny plaintiff medical assistance.

16. That after defendants William Connick and Donald Kipp did commit said acts of assault, causing serious open wounds to plaintiff's head and body, and after denying him medical attention, that defendant New York City Police Department condoned, authorized, codified and ratified the defendant officers' actions complained of herein.

17. That plaintiff was caused to sustain damages. That plaintiff was caused to sustain serious injuries. That plaintiff was caused to suffer caused to suffer severe trauma both physically and mentally, requiring in-patient hospitalization. That plaintiff suffered unconscionable trauma, debasement and humiliation of being assaulted in said holding cell or area.

18. That all of the defendants and officers present on the scene are jointly and severally liable for all of the acts complained of and damages sustained by the plaintiff and responsible for the whole of plaintiff's damages herein and to extent Court determines that Article 16 of the CPLR applies one or more of the exceptions is applicable to this case.

## AS AND FOR A FIRST CAUSE OF ACTION
## <u>VIOLATION OF CIVIL RIGHTS</u>

19. That plaintiff, repeats, reiterates and realigns each and every allegation contained in paragraphs "1" through "18" of this complaint, with the same force and effect as is fully set forth herein.

20. That the defendants acting under color of law, without probable cause, just cause, provocation or any reason to believe that plaintiff was engaged in any criminal activity, assaulted and battered plaintiff, assaulted, grossly assaulted, excessively assaulted, aggravated assault upon plaintiff. That defendants conspired to violate plaintiff's constitutional rights and did so.

21. That on July 17, 2009 defendants without just cause negligently, wrongfully, willfully, maliciously and unreasonably use excessive force and while plaintiff was helpless engaged in conduct known to them to cause serious or lethal injury, and did so based upon plaintiff's ethnicity, as an American Muslim, and man of Middle Eastern appearance and did deprive him of his civil rights in violation of rights afforded him by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, 42 U.S.C. sections 1983, 1985 and the common law of New York State.

22. By reason of the foregoing, plaintiff was deprived of his liberty, and was subjected to ridicule, scorn and derision by those knowing of his detention and plaintiff has been caused to suffer from ongoing physical injuries and mental anguish and to have incurred past, and will incur future medical and other expenses, loss of earnings and earnings ability and was otherwise damaged and injured in the sum of $20,000,000.00.

## AS AND FOR THE SECOND CAUSE OF ACTION
## <u>VIOLATION OF CIVIL RIGHTS</u>

23.     That Plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "22" of this complaint, with the same force and effect as is fully set forth herein.

24.     That on July 17, 2009 the defendants, acting under color of law and each of them separately and in concert, subjected plaintiff to excessive force, gross excessive force and torture, as an American Muslim, and as a person of Middle Eastern appearance and descent, in violation of plaintiff's rights afforded him by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, 42 U.S.C. sections 1983, 1985 and the common law of New York State and his rights, privileges and immunities secured to Plaintiff by the United States Constitution and laws of the State of New York.

25.     Upon information and belief, said actions were carried out and condoned by the CITY and NEW YORK CITY POLICE DEPARTMENT, its agents, servants and employees, including each of the officers set forth in the caption hereof, who were acting within the course or scope of their employment.

26.     That as a result of the willfully malicious and vicious assault, aggravated assault, torture, excessive force, torture and racial and ethnic discrimination and plaintiff was subjected to a violation of his civil rights, permanent damage to his reputation and standing in the community, extreme physical, mental and emotional harm and distress.

27.     By reason of the foregoing, plaintiff was deprived of his liberty, and was subjected to ridicule, scorn and derision by those knowing of his detention and plaintiff

has been caused to suffer from ongoing physical injuries and mental anguish and to have incurred past, and will incur future medical and other expenses, loss of earnings and earnings ability and was otherwise damaged and injured in the sum of $20,000,000.00.

### AS AND FOR A THIRD CAUSE OF ACTION
### VIOLATION OF CIVIL RIGHTS

28. That plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs "1": through "27" of this complaint, with the same force and effect as is fully set forth herein.

29. That defendants on July 17, 2009 and thereafter subjected plaintiff to an unlawful, wrongful and race or ethnicity based assault and a hate crime, by physically assaulting an American Muslim and Middle Eastern appearing plaintiff, while handcuffed and helpless, in violation of plaintiff's rights afforded him by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, 42 U.S.C. sections 1983, 1985 and the common law of New York State and his rights, privileges and immunities secured to Plaintiff by the United States Constitution and laws of the State of New York.

30. By reason of the above, Plaintiff has suffered great injury to his reputation. Defendants have deprived Plaintiff of his liberty without due process and, further exposed plaintiff to public scandal and disgrace; caused plaintiff to suffer great mental anguish and deprived plaintiff of his Federal and State Constitutional Rights.

31. By reason of the foregoing, plaintiff has been caused to suffer from confinement, ongoing physical injuries and mental anguish and has been caused to have

incurred medical and other expenses, loss of earnings and earnings ability, which are continuing, and has been damaged in the sum of $20,000,000.00.

## AND AS FOR A FOURTH CAUSE OF ACTION

32. That plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "31" of this complaint, with the same force and effect as is fully set forth herein.

33 Upon information and belief, defendants, actions were carried out and condoned by THE CITY and the NEW YORK CITY POLICE DEPARTMENT, its agents, servants and employees who were acting within the course or scope of their employment including but not limited to those officers whose names appear in the caption hereof.

34 That defendants on July 17, 2009 acted with malicious and malevolent intent to inflict harm upon plaintiff, and did so motivated by racial and ethnic hatred, as plaintiff being an American Muslim and Middle Eastern person, thereby abusing the process and in violation of plaintiff's rights afforded him by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, 42 U.S.C. sections 1983, 1985 and the common law of New York State and his rights, privileges and immunities secured to Plaintiff by the United States Constitution and laws of the State of New York.

35. By reason of the above, plaintiff has suffered great injury to his reputation. Defendants have deprived him of his liberty without process and, further exposed plaintiff to public scandal and disgrace; caused plaintiff to suffer great mental anguish and deprived plaintiff of his Federal and State Constitutional Rights.

36. By reason of the foregoing. plaintiff has suffered confinement, ongoing physical injuries and mental anguish and has been caused to have incurred medical and other expenses, loss of earnings and earnings ability, past and future, and has been damaged in the sum of $20.000,000,00.

## AND AS FOR THE FIFTH CAUSE OF ACTION
## PRIMA FACIE CONSTITUTIONAL TORT

37. That plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "36" of this complaint, with the same force and effect as if fully set forth herein.

38. That on July 17, 2009 the defendants acting under color of law, and each of them, without probable cause, just cause, provocation or any reason to believe that plaintiff was resisting arrest (as he was already in custody and handcuffed and being placed into a holding cell), assaulted and battered plaintiff, assaulted, grossly assaulted, excessively assaulted, aggravated assault and that defendants conspired to violate plaintiff's constitutional rights..

39. That the said acts of defendants were outrageous, willful, wanton, malicious and oppressive and were motivated solely by a desire to harm plaintiff without regard for plaintiffs well being or in furtherance of any legitimate law enforcement goal and constituted *prima facie* tort.

40. That by reason of the foregoing plaintiff has suffered confinement, ongoing physical injuries and mental anguish and has been caused to have incurred

medical and other expenses, loss of earnings and earnings ability, past and future, and has been damaged in the sum of $20,000,000.00

### AND AS FOR THE SIXTH CAUSE OF ACTION
### ASSAULT AND BATTERY

41. That plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "40" of this complaint, with the same force and effect as if fully set forth herein.

42. That defendants willfully caused plaintiff apprehension, non-consented to harmful and hurtful contact and physical harm. That the aforementioned actions of the defendants constitutes assault and battery.

43. That the said acts of defendants were willful, unjustified, unwarranted, unprovoked and unwanted and were motivated solely by a desire to harm plaintiff without regard for plaintiffs' well being or any lawful purpose. That said assault was motivated by defendants based upon a racial or ethnic hatred, and a hate crime.

44. That by reason of the foregoing plaintiff has suffered confinement, ongoing physical injuries and mental anguish and has been caused to have incurred medical and other expenses, loss of earnings and earnings ability, past and future, and has been damaged in the sum of $20,000,000.00.

### AS AND FOR AN SEVENTH CAUSE OF ACTION FOR NEGLIGENCE

57. That plaintiff, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "56" of this complaint, with the same force and effect as if fully set forth herein.

12

58. That defendants were negligent in all of their interaction with plaintiff including but not limited to their initial contact, subsequent contact, apprehension of plaintiff and in use of police equipment and in use of force to apprehend and/or detain plaintiff and in otherwise placing plaintiff into custody.

59. That defendants failed to comply with police custom, practice and usage as well as the NYPD Patrol Guide in all of their interaction with plaintiff including but not limited to their initial contact, subsequent contact, apprehension of plaintiff and in use of police equipment and in use of force to apprehend and/or detain plaintiff and in otherwise placing plaintiff into custody.

60. By reason of the foregoing, plaintiff was deprived of his liberty, was confined, and was subjected to ridicule, scorn and derision by those knowing of his detention and plaintiff has been caused to suffer from ongoing physical injuries and mental anguish and to have incurred past, and will incur future medical and other expenses, loss of earnings and earnings ability, and was otherwise damaged and injured in the sum of $20,000,000.00.

**WHEREFORE**, the plaintiff demands judgment against the defendants:

a) In the first cause of action in the sum of $20,000,000.00;
b) In the second cause of action in the sum of $20,000,000.00;
c) In the third cause of action in the sum of $20,000,000.00;
d) In the fourth cause of action in the sum of $20,000,000;
e) In the fifth cause of action in the sum of $20,000,000.00;
f) In the sixth cause of action in the sum of $20,000,000.00;
g) In the seventh cause of action in the sum of $20,000,000.00;
as well as reasonable attorney fees and punitive damages. And for such other and further relief as this Court deems just, equitable and proper.

Dated: New York, New York
      February 10th, 2012

                                         SHAFRAN AND MOSLEY, P.C.
                                         Attorney for Plaintiff
                                         44 Church Street
                                         White Plains, NY 10601
                                         (212) 631-7000

                                         _____
                                         HOWARD E. SHAFRAN ( 3423)